# EXHIBIT 4

```
Tyler A. Brown (State Bar No. 121350)
Joshua A. Kuns (State Bar No. 272206)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Email: brownt@jacksonlewis.com

Attorneys for Defendants
NIH FEDERAL CREDIT UNION and JULI
ANNE CALLIS
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE M. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>NIH FEDERAL CREDIT UNION; JULI ANNE CALLIS; and DOES 1 through 50, INCLUSIVE,<br><br>    Defendants. | Case No. C12-5502 JCS<br><br>**DEFENDANT NIH FEDERAL CREDIT UNION'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO** |

PROPOUNDING PARTY:    Plaintiff CONNIE M. DAVIS

RESPONDING PARTY:    Defendant NIH FEDERAL CREDIT UNION

SET NO.:    TWO

Pursuant to Federal Rules of Civil Procedure §§ 33 *et seq.*, Defendant NIH FEDERAL CREDIT UNION ("Defendant" "NIH") hereby responds to Plaintiff CONNIE M. DAVIS' ("Plaintiff") Special Interrogatories, Set Two, as follows:

### SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 25:**

IDENTIFY every person involved in the decision to create the "new Cash Management Services" division that is describe in Exhibit "A" attached hereto.

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

Defendant objects to this interrogatory on the grounds that the term "create" and the term "involved" is vague and ambiguous. Without waiving said objections, Defendant responds as follows:

1. Juli Anne Callis – may be contacted through Counsel, Jackson Lewis P.C.;
2. Tim Duvall – may be contacted through Counsel, Jackson Lewis P.C.;
3. Craig Mason – deceased.

**SPECIAL INTERROGATORY NO. 26:**

IDENTIFY every person involved in preparing the job description for the "Vice President Cash Management and Account Operations" position described in Exhibit "A" attached hereto.

**RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

1. Plaintiff;
2. Juli Anne Callis – may be contacted through Counsel, Jackson Lewis P.C.

**SPECIAL INTERROGATORY NO. 27:**

Specify the "complex cash management products and services" about which the Vice President of Cash Management and Account Operations was required to have experience or training, as set forth in page 3 of Exhibit "A" attached hereto.

**RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

Cash Management was intended to handle third party cash accounts as a service to members such as FAES and Children's Inn under the larger umbrella of Account Operations. Existing services such as ATM and ACH would also be offered to member businesses who would have signed up for our Cash Management services.

**SPECIAL INTERROGATORY NO. 28:**

IDENTIFY every product and service that YOU planned to provide NIHFCU members through the new Cash Management Division described in Exhibit "A" attached hereto.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

The specific products and services to be offered were to be developed by Connie Davis as part of her role in building a new Cash Management Division at NIHFCU.

## SPECIAL INTERROGATORY NO. 29:

IDENTIFY the types of members that the Case Management Division described in Exhibit "A" hereto was intended to serve (e.g., individuals, small business, large business).

## RESPONSE TO SPECIAL INTERROGATORY NO. 29:

Defendant planned to provide all its members with Cash Management by enhancing and expanding its Cash Management services. However, it was the plan to target small to medium-sized businesses to handle their cash management as a means to augment the recent business lending program..

## SPECIAL INTERROGATORY NO. 30:

IDENTIFY every person involved in the decision to hire Plaintiff for the NIHFCU position of "Vice President of Cash Management and Account Operations."

## RESPONSE TO SPECIAL INTERROGATORY NO. 30:

Defendant objects to this interrogatory on the grounds that the term "involved" is vague and ambiguous. Without waiving said objections, Defendant responds as follows:

1. Juli Anne Callis – may be contacted through Counsel, Jackson Lewis P.C.;
2. Stephen McGowan – may be contacted through Counsel, Jackson Lewis P.C.;
3. Tim Duvall – may be contacted through Counsel, Jackson Lewis P.C.;
4. Craig Mason - deceased;
5. David Perkins - (301) 702-5504;
6. Christina Harrison - (240) 205-6840

## SPECIAL INTERROGATORY NO. 31:

If YOU contend that Plaintiff was asked to perform work on the creation of a "new Cash Management Division" during her employment at NIHFCU, state all facts in support of YOUR

contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

OBJECTION: Defendant objects to this interrogatory as unduly broad and burdensome. Plaintiff's interrogatory calls for Defendant to state every conversation Plaintiff had with persons who are either no employed by NIHFCU or no longer living. Notwithstanding these objections, Defendant responds as follows:

As part of her Cash Management responsibilities, Plaintiff was to build relationships with NIHFCU and its partners. Accordingly, Plaintiff set up meetings with potential cash management system providers to help create the necessary technological infrastructure for NIHFCU to launch its Cash Management Division. Plaintiff also followed up on leads with small and medium-sized businesses in the area to determine if NIHFCU could offer them cash management services. In particular, Plaintiff talked to the owner of a convenience store near the Clinical Center about using NIHFCU for cash management, as well as the Clinical Center itself.

**SPECIAL INTERROGATORY NO. 32:**

State the date that the document attached hereto as Exhibit "B," titled "Vice President of Account Services Failure to Perform" was prepared.

**RESPONSE TO SPECIAL INTERROGATORY NO. 32:**

July 13, 2011.

**SPECIAL INTERROGATORY NO. 33:**

IDENTIFY every person involved in the preparation of the document attached hereto as "Exhibit B," titled "Vice President of Account Services Failure to Perform."

**RESPONSE TO SPECIAL INTERROGATORY NO. 33:**

Defendant objects to this interrogatory on the grounds that the term "involved" is vague and ambiguous. Without waiving said objections, Defendant responds as follows:

1. Tim Duvall – may be contacted through Counsel, Jackson Lewis P.C.

**SPECIAL INTERROGATORY NO. 34:**

State the reason that the document attached hereto as Exhibit "B," titled "Vice President of Account Services Failure to Perform," does not include the rest of PLAINTIFF's title, i.e., "Vice President, Cash Management."

**RESPONSE TO SPECIAL INTERROGATORY NO. 34:**

Given the decision not to focus at that time on the single service task of third party cash management, by the time this document was prepared the focus of Plaintiff's job was on her Account Operations role. Not including the rest of her title was merely an oversight.

**SPECIAL INTERROGATORY NO. 35:**

State the date YOU decided not to implement the "new Cash Management Division."

**RESPONSE TO SPECIAL INTERROGATORY NO. 35:**

OBJECTION: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrase "implement" and assumes facts not it evidence. Notwithstanding these objections, Defendant responds as follows: There was never a decision not to "implement" the new Cash Management Division at NIHFCU. Due to economic factors/forces, namely because members and businesses were holding onto cash, it was decided that the Cash Management Division would not be a primary focus. NIHFCU was in a growth mode and initially believed the Cash Management Division to be a good business fit. However, because of the economy and a general "flight to safety" by members and businesses, deposits were lingering and continued to grow faster than NIHFCU was able to generate suitable portfolio loans. As such, NIHFCU simply decided not to make its Cash Management Division a priority. However, the inability to achieve suitable portfolio loan volume was not present prior to Plaintiff's offer and acceptance of employment. NIHFCU had every intention when Plaintiff was hired that it was going to do Cash Management to augment the recent business lending program. The decision to not make the Cash Management Division a priority was made *after* Plaintiff arrived and began working at NIHFCU. Thus, no specific date, however, marks this decision.

**SPECIAL INTERROGATORY NO. 36:**

If YOU contend that NIHFCU has implemented a "Cash Management Division," state the date that "Cash Management Division" was implemented.

**RESPONSE TO SPECIAL INTERROGATORY NO. 36:**

OBJECTION: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrase "implement." Notwithstanding these objections, initial steps were taken to start a Cash Management Division, including Plaintiff's meeting with cash management system vendors and third-party businesses to inquire if NIHFCU could provide cash management services to them.

**SPECIAL INTERROGATORY NO. 37:**

If YOU contend that YOU had already implemented the proposed "new Cash Management Division" when Plaintiff started her employment at NIHFCU, state all facts in support of YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 37:**

NIHFCU contends that it had not implemented third-party entity cash management and that its desire to create this function is one of the reasons Plaintiff was hired. However, NIHFCU did have some individual cash management functions already in place and being performed by the Account Operations Division. Specifically, these functions were: ATMs, Wire transfers, international remittance and ACH.

**SPECIAL INTERROGATORY NO. 38:**

IDENTIFY every person who has held the title of, or has held a title that includes, "Vice President of Cash Management" at NIHFCU, from January 1, 2009, to the present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 38:**

Plaintiff

**SPECIAL INTERROGATORY NO. 39:**

IDENTIFY the person or persons who made the decision to terminate Plaintiff from her employment at NIHFCU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 39:**

1. Tim Duvall – may be contacted through Counsel, Jackson Lewis P.C.;
2. Juli Anne Callis – may be contacted through Counsel, Jackson Lewis P.C.

**SPECIAL INTERROGATORY NO. 40:**

State every fact that YOU relied upon in YOUR decision to terminate Plaintiff from her employment at NIHFCU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 40:**

Defendant relied on the facts set forth in the memorandum entitled "Failure to Perform," marked as Exhibit D to Juli Anne Callis' deposition.

Dated: December 12, 2013

JACKSON LEWIS P.C.

By: _____
Tyler A. Brown
Joshua A. Kuns
NIH FEDERAL CREDIT UNION and JULI ANNE CALLIS

4848-2556-1878, v. 3

# CERTIFICATE OF SERVICE

I, S. Monique Belle, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, CA 94111; I am over the age of eighteen (18) years and am not a party to this action.

On December 12, 2013, I served the attached:

**DEFENDANT NIH FEDERAL CREDIT UNION'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO**

in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Shelia A. Reid
John F. Prentice & Associates, P.C.
2200 Powell Street, Suite 740
Emeryville, CA 94608
Tel.: 510-420-9000
Fax: 510-597-0718
Email: sreid@jfprenticelaw.com

[X] **BY MAIL**: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ] **BY HAND DELIVERY**: I caused such envelope to be delivered by hand to the above address.

[ ] **BY OVERNIGHT DELIVERY**: I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service (via Overnight Express).

[ ] **BY FACSIMILE**: I caused such documents to be transmitted by facsimile to the number indicated above.

[X] **BY ELECTRONIC TRANSMISSION**: I caused such document(s) to be electronically transmitted to the above email address.

///

///

///

1  I declare under penalty of perjury under the laws of the State of California that the above is true
2  and correct; executed on December 12, 2013, at San Francisco, California.

_____
S. Monique Belle

4842-4463-8741, v. 1

CERTIFICATE OF SERVICE                                            Case No.: C12-5502-JCS

**VERIFICATION**

I, Timothy Duvall, declare:

I am the Acting CEO for NIH Federal Credit Union, Defendant in the action of *Connie Davis v. NIH Federal Credit Union, Juli Anne Callis and Does 1 through 50 inclusive*, United States District Court for the Northern District of California, Case No. C12-5502 JCS. I am authorized to make this Verification for and on its behalf, and I make this Verification for that reason.

I have read the foregoing **DEFENDANT NIH FEDERAL CREDIT UNION'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO** and know the contents thereof. Based on my personal knowledge or information and belief, the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of December, 2013, at Rockville, MD.

_____
Timothy Duvall

4843-9973-7623, v. 1